**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


RICHARD DALE ROBINS, JR.
ADC #106064                                                                                                        PLAINTIFF

V.                                                5:07CV00264 JMM/JTR

WILLIAM F. STRAUGHN,
Assistant Warden, Cummins Unit, et al.                                                        DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the
         United States District Judge was not offered at the hearing before the
         Magistrate Judge.

3.       An offer of proof setting forth the details of any testimony or other
         evidence (including copies of any documents) desired to be
         introduced at the requested hearing before the United States District
         Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas

Department of Correction ("ADC"), has commenced this § 1983 action alleging that Defendants

violated his constitutional rights while he was incarcerated at the Cummins Unit.  *See* docket entries

#2 and #5.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court

recommends that this case be dismissed, without prejudice, because Plaintiff has failed to state a

claim upon which relief may be granted.[1]

_____

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints
seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
    In conducting its review, the Court is mindful that a complaint should be dismissed for failure
to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support
of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch.
Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the

## II. Discussion

In his Complaint and Amended Complaint, Plaintiff alleges that his due process rights were violated because there was insufficient evidence to support disciplinary convictions he received on September 6 and 29, 2006. *See* docket entries #2 and #5. As a result of the September 6, 2006 disciplinary convictions, Plaintiff was reduced in class, he was placed in punitive isolation for thirty days, and he lost 365 days of good time credit. *Id.* As a result of the September 29, 2006 disciplinary convictions, Plaintiff was placed in punitive isolation for thirty days. *Id.* Plaintiff requests monetary damages and injunctive relief. *Id.*

The Due Process Clause of the Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amd. XIV. Because Plaintiff does not contend that Defendants deprived him of life or property, the Court must determine whether Plaintiff has a liberty interest at stake. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

In the context of challenging a disciplinary conviction, the Supreme Court has clarified that an inmate has a liberty interest at stake, and thus a right to due process, only if the punishment: (1) results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"; or (2) affects the length of the prisoner's sentence. *Sandin v. Conner*, 515 U.S. 472, (1995); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The Eighth Circuit has consistently held that administrative and disciplinary segregation –

---

complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

and the temporary loss of certain privileges while in segregation – are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin.[2]*  *See, e.g.,  Philllips v. Norris,* 320 F.3d 844, 847-48 (8th Cir. 2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship under *Sandin*).

Similarly, it is well settled that an inmate does not have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No.  05-2398, 2005 WL 2861952 (8th Cir.  Nov.  2, 2005) (unpublished opinion), *cert. denied*, 547 U.S. 1075 (2006); *Hartsfield v. Dep't of Corr.*, Case No. 04-1311, 2004 WL 1759144 (8th Cir. Aug. 5, 2004) (unpublished opinion).  Thus, Plaintiff's liberty interests were not affected by his reduction in class or thirty-day placements in punitive isolation.

In contrast, Plaintiff does have a liberty interest in the 365 days of lost good time credits. *Preiser v. Rodriguez,* 411 U.S. 475 (1973).  However, because good time credits affect the length of a prisoner's sentence, Plaintiff must pursue the return of his good time credits in a federal habeas action (which requires the exhaustion of state court remedies prior to bringing suit in federal court) and not a § 1983 action. *Id.; see also* 28 U.S.C. § 2254(b) (providing that: "An application for a writ

_____

[2] Specifically, in *Johnson v.  Hamilton*, 452 F.3d 967, 973 (8th Cir.  2006), the Eighth Circuit held that: "A demotion to segregation, even without cause, is not itself an atypical and significant hardship unless Johnson points to some specific difference between his conditions in segregation and the conditions in the general population which amounts to such a hardship."

of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts

of the State).  Significantly, this applies regardless of whether a prisoner is seeking injunctive relief,

monetary damages, or both.  *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S.

641 (1997).

Thus, Plaintiff is barred from seeking the restoration of good time credits in this § 1983

action.  Instead, he must: (1) file an appropriate action in the state trial court; (2) appeal any adverse

ruling to the highest state appellate court; and (3) challenge an unfavorable ruling from the highest

state appellate court by filing a § 2254 habeas action in federal court.  Plaintiff may file a § 1983

action for damages only after his disciplinary convictions have been reversed in the above-described

state or federal proceedings.

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be

DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be

granted.

2.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. §

1915(g).[3]

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

   Dated this 6th day of November, 2007.


                                  _____
                                  UNITED STATES MAGISTRATE JUDGE